**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL J. LAWSON | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| ENTERPRISE CAR SALES | : | NO. 02-CV-4036 |

## <u>ORDER</u>

    **AND NOW**, this           day of          , 2002, upon consideration of defendant Enterprise Car Sales Motion to Dismiss Pursuant to F.R.C.P. 12(b)(7), for failure to join a party under Rule 19, it is hereby **ORDERED** and **DECREED** that defendant's Motion to Dismiss is **DENIED**.


                                             BY THE COURT:


                                 _____
                                                       J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL J. LAWSON | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| ENTERPRISE CAR SALES | : | NO. 02-CV-4036 |

## ORDER

**AND NOW,** this                day of                2002, upon

consideration of defendant Enterprise Car Sales' Motion to Dismiss Pursuant to F.R.C.P.

12(b)(6), it is hereby **ORDERED** and **DECREED** that defendant's Motion to Dismiss is

**DENIED.**  Defendant's Motion to Dismiss is **DENIED** as follows, defendant's Motion to

Dismiss:

1. Count I – Violation of the Federal Odometer Requirements Act is hereby
   **DENIED.**

2. Count II – Per Se and Statutory Violation of the Pennsylvania Unfair Trade
   Practices and Consumer Protection Law is hereby **DENIED**.

3. Count III – Violation of Trade Practices and Consumer Protection Law is hereby
   **DENIED.**

4. Count IV – Common Law Fraud is hereby **DENIED**.

5. Count V – Negligence is hereby **DENIED**.

6. Count VI – Magnuson-Moss Warranty Improvement Act is hereby **DENIED**, and

7. Count VII – Punitive Damages is hereby **DENIED.**

BY THE COURT:

_____
                                        J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL J. LAWSON | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| ENTERPRISE CAR SALES | : | NO. 02-CV-4036 |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, by and through his undersigned counsel, hereby opposes defendant Enterprise Car Sales' (hereafter "Enterprise") Motion for Summary Judgment as follows:

1. Admitted.

2. Admitted.

3. Admitted in part. Denied in part. It is denied that plaintiff has "attempted to set forth causes of action." Further denied in that the Complaint speaks for itself to establish the causes of action which plaintiff has set forth.

4. Admitted.

5. Denied. It is denied in that the Complaint speaks for itself.

6. Denied. It is denied in that the Complaint speaks for itself. Further denied as a conclusion of law.

7. No response required.

8. Denied. Plaintiff does not have enough information to admit or deny this averment.

9. Denied. Plaintiff does not have enough information to admit or deny this averment.

10. Admitted.

11. Denied as a conclusion of law to which no response is required.

12. Denied as a conclusion of law to which no response is required. Further denied in that discovery has not yet occurred so plaintiff does not have enough information to admit or deny this averment.

13. Denied as a conclusion of law to which no response is required.

14. Denied. Plaintiff does not have enough information to admit or deny this averment.

15. Denied. Plaintiff does not have enough information to admit or deny this averment.

16. Admitted in part. Denied in part. It is admitted that defendant sold the vehicle to the plaintiff alleging the vehicle had 31,301 miles on the odometer. It is denied that this mileage is consistent with the mileage the vehicle had when defendant purchased it.

17. Denied as a conclusion of law to which no response is required.

18. Denied. Plaintiff's Complaint was recently filed, and plaintiff has not been provided an opportunity to propound discovery to collect evidence concerning this issue. However, under the Odometer Requirements Act, defendant is liable if he had actual or constructive knowledge of odometer tampering by any person or entity.

19. Denied as a conclusion of law to which no response is required. Further denied in that plaintiff has not been provided an opportunity to propound discovery to collect evidence concerning this issue.

20. Denied as a conclusion of law to which no response is required. Further denied in that plaintiff has not been provided an opportunity to propound discovery to collect evidence concerning this issue.

21. Denied as a conclusion of law to which no response is required.

22. No response required.

23. Admitted.

24. Admitted.

2

25. Admitted.

26. Denied.  Denied in that the Complaint speaks for itself.  Further denied in that plaintiff does not have sufficient information to admit or deny to which areas the investigation was directed.  Denied that defendant is from Pennsylvania.  By way of further answer, it is admitted that the defendant is a corporation qualified and regularly conducting business in Pennsylvania; however defendant is a corporation of the state of Maryland with its legal residence and principal place of business in Maryland.

27. Denied.  Insofar as discovery has not yet occurred, plaintiff does not have sufficient information to admit or deny that Enterprise Leasing Company of Maryland, Inc. is a separate and distinct company from Enterprise Leasing Company of Philadelphia.  Insofar as discovery has not yet occurred, plaintiff does not have sufficient information to admit or deny that Enterprise Leasing Company of Maryland sold the subject vehicle to Kar Korner.

28. Denied.  Plaintiff does not have sufficient information to admit or deny this averment.

29. Denied.  By way of further answer, as the odometer of the subject vehicle has been altered, plaintiff does not know how many miles were on the vehicle at the time of the sale.  Defendant represented to plaintiff the subject vehicle had 31,301 miles at the time of plaintiff's purchase.

30. Denied as a conclusion of law to which no response is required.

31. Denied as a conclusion of law to which no response is required.  By way of further answer, to establish an intent to defraud, actual knowledge that the odometer reading is not correct is **not** necessary.  See, 15 U.S.C. § 1989; Marcel, 1990 WL 170130 at 3.  A Court may infer that a transferor had the requisite intend to defraud if the transferor "reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded." Nieto v. Pence, 578 F.2d 640, 642 (5th Cir. 1978).

32. Denied as a conclusion of law to which no response is required. Defendant buys and sells thousands of used vehicles yearly, placing defendant in the position to expertly recognize whether the exterior, interior, and mechanical appearance of a pre-owned automobile appears to be in accordance with the odometer reading of a vehicle. In this case, defendant had the opportunity to inspect the subject vehicle prior to selling it to the plaintiff. Defendant's inspection of the vehicle should have put defendant on constructive knowledge that the subject vehicle had *approximately **20,000** miles more* than was indicated on the odometer reading. Further denied in that plaintiff has not been provided an opportunity to propound discovery to collect evidence concerning this issue.

33. Denied. Plaintiff does not have sufficient information to admit or deny this averment.

34. Denied as a conclusion of law to which no response is required. See above response 32.

35. Denied as a conclusion of law to which no response is required.

36. No response required.

37. Denied as a conclusion of law to which no response is required. Further denied in that the Complaint speaks for itself.

38. Denied as a conclusion of law to which no response is required.

39. Denied as a conclusion of law to which no response is required.

40. Denied as a conclusion of law to which no response is required.

41. Denied as a conclusion of law to which no response is required.

42. Denied as a conclusion of law to which no response is required. Further denied in that plaintiff has not been provided an opportunity to propound discovery to collect evidence concerning this issue.

43. . Denied as a conclusion of law to which no response is required. Further denied in that plaintiff has established that, at the time of sale, defendant issued an

odometer statement, which indicated the subject vehicle had 31,301 miles when, in reality, it had a minimum of 50,425 miles.

44. Denied as a conclusion of law to which no response is required. Further vigorously denied that defendant did not breach a duty owned to plaintiff. Defendant had a ***statutory* *duty*** to provide accurate odometer readings or , if defendant was uncertain of a vehicle's correct odometer reading, defendant had a duty to disclose its uncertainty. In this case, defendant failed to do either of these statutorily mandated actions.

45. Denied as a conclusion of law to which no response is required.

46. No response required.

47. No response required.

48. Denied as a conclusion of law to which no response is required.

49. Denied as a conclusion of law to which no response is required. Plaintiff has provided evidence defendant knew or should have known that the subject vehicle had been driven at least 20,000 more miles than its odometer reading reflected. Further denied in that plaintiff has not been provided an opportunity to propound discovery to collect evidence concerning this issue.

50. Denied. Plaintiff does not have sufficient information to admit or deny this averment.

51. Denied as a conclusion of law to which no response is required.

52. No response required.

53. Denied in that plaintiff's Complaint speaks for itself.

54. Denied in that plaintiff's Complaint speaks for itself.

55. Denied as a conclusion of law to which no response is required.

56. Denied as a conclusion of law to which no response is required. By way of further answer, courts in the Third Circuit have recognized that "in applying the first sentence of Rule 9(b) courts must be sensitive to the fact that its application, prior to

discovery, may permit sophisticated defrauders to successfully conceal the details of their fraud." Christidis v. First Pa. Mortgage Trust, 717 F.2d 96, 99-100 (3rd Cir. 1983).

57. Denied as a conclusion of law to which no response is required.

58. Denied as a conclusion of law to which no response is required. Plaintiff's complaint consists of eighty-three (83) averments. Of these averments, six (6) averments are specific to plaintiff's allegation of common law fraud, while fifty-four additional (54) averments are incorporated by reference. Further denied in that plaintiff has not been provided an opportunity to propound discovery to collect evidence concerning this issue.

59. Denied as a conclusion of law to which no response is required.

60. No response required.

61. Denied in that plaintiff's Complaint speaks for itself.

62. Denied as a conclusion of law to which no response is required.

63. Denied as a conclusion of law to which no response is required.

64. Denied as a conclusion of law to which no response is required.

65. No response required.

66. Denied in that plaintiff's Complaint speaks for itself.

67. Denied in that plaintiff has not been provided an opportunity to propound discovery in order to collect a complete copy of the express warranty. However, plaintiff will be able to subpoena the express warranty in its entirety when discovery is conducted.

68. Denied as a conclusion of law to which no response is required.

69. Denied as a conclusion of law to which no response is required.

70. No response required.

71. Denied in that plaintiff's Complaint speaks for itself.

72. Denied as a conclusion of law to which no response is required.

73. Denied as a conclusion of law to which no response is required.

74. Denied as a conclusion of law to which no response is required.

75. Denied as a conclusion of law to which no response is required.


Respectfully submitted,
KIMMEL & SILVERMAN, P.C.


_____
Craig Thor Kimmel, Esquire
Identification No. 57100
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DANIEL J. LAWSON            :        CIVIL ACTION - LAW
                                     :
                        v.           :
                                     :
ENTERPRISE CAR SALES        :        NO. 02-CV-4036

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

**I.  BACKGROUND OF THE CASE**

**A.  Statement of Facts**

This case arises from defendant Enterprise Car Sales' (hereafter "Enterprise"),

sale of a pre-owned 1997 Chevy Lumina bearing vehicle identification number

2G1WL52M5V9249219 to the plaintiff, Daniel Lawson on or about November 13, 1998.

Defendant misrepresented the mileage of the subject vehicle by preparing an Odometer

Disclosure Statement indicating the subject vehicle had been driven 31,301 miles when

that information was false and by failing to indicate in the appropriate area on the form

that the mileage was not accurate.  On or about August 27, 2001 and subsequent to

plaintiff's purchase of the subject vehicle, plaintiff first learned that the subject vehicle

actually had had a minimum of 50,425 miles at the time of plaintiff's purchase.  (See

letter from National Highway Traffic Safety Administration attached hereto as plaintiff's

exhibit "A.")  The disclosure of this 20,000 mile difference in the odometer reading

would have affected plaintiff's decision to purchase the subject vehicle.

1

**B.  Procedural History**

On or about May 8, 2002, plaintiff filed a complaint against defendant in the Court of Common Pleas of Philadelphia, alleging violations of the Federal Odometer Requirements Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, Common Law Fraud, Negligence, and Magnuson-Moss (FTC) Warranty Improvement Act.  On or about June 20, 2002, defendant Enterprise filed its Notice of Removal to the United States District Court for the Eastern District of Pennsylvania on the basis of federal question jurisdiction under 28 U.S.C. §1331.  Now that the case has been successfully removed to federal court on defendant's petition, defendant seeks to utilize the federal rules to dismiss plaintiff's case with prejudice.

**II.  LEGAL ARGUMENT**

**A.  Standard Stand for Dismissal Under F.R.C.P. 12(b)(6)**

A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) can be granted "only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief."  See, e.g., Labov v. Lalley, 809 F.2d 220, 221 (3rd Cir. 1987); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  When reviewing a Motion to Dismiss, a court must accept as true all well-plead allegations in the complaint and construe them liberally in the light most favorable to the plaintiffs. See, Labov 809 F.2d at 221; Gomez v. Toledo, 446 U.S. 635, 636 (1980).  Moreover, a court may deny a dismissal on a 12(b)(6) motion if it is premature.  See, Schrob .v Catterson, 948 F.2d 1402, 1421 (3rd Cir. 1991) (denying defendant's motion for 12(b)(6)

dismissal because it was premature at such an early stage and finding that the court would benefit from further supplementation of the record).

In the case before this Honorable Court, plaintiff has established the requisite facts, which entitle him to relief, and therefore, defendant's Motion to Dismiss must be denied.  In plaintiff's complaint, plaintiff sets out his cause of action in ***eighty-three (83) factual averments***.  In doing so, plaintiff has established the basic elements of each of his causes of action.  Plaintiff was able to plead these facts without the aid of discovery to date.  However, with the use of discovery tools, such as depositions, subpoenas, and interrogatories, plaintiff believes he will be able to set forth his allegations with even more specificity at a later date.  Thus, defendant's present motion for dismissal under 12(b)(6) is unwarranted and premature at this stage of the litigation.  Therefore, plaintiff respectfully requests this Honorable Court deny defendant's Motion to Dismiss.

## B.  Plaintiff's Complaint Should Not be Dismissed because Plaintiff has not Failed to Join an Indispensable Party

An indispensable party is "one who must be joined because his non-joinder is so prejudicial, both to his rights and to those of the parties already joined, that the action *cannot* continue without him."  Jones Knitting Corp. v. A.M. Pullen & Company, 50 F.R.D. 311, 314 (S.D. NY 1970).  The criteria for determining indispensability are vague. See, id; Volkswagenwerk Aktiengesellschaft v. Dreer, 224 F.Supp. 744, 746 (E.D.Pa. 1963).  Courts, therefore, look to practical considerations to determine whether a person or entity is indispensable to an action.  See, Volkswagenwerk 224 F.Supp. at 746.  A party is deemed "indispensable" if the party's interests will be directly affected legally by

the adjudication of the matter.  See id.  A party is also deemed "indispensable" if the failure to join said party is inconsistent with equity and good conscience.  See id.

In the instant matter, plaintiff has not failed to join an indispensable party, and therefore, defendant's Motion to Dismiss must be denied.  Defendant argues that plaintiff's complaint must be dismissed due to plaintiff's failure to include Kar Corner, Manheim Auto Auction, and Deals on Wheels Used Cars in the instant matter.  Due to the fact that discovery has not even been propounded, it is unclear what role, if any, these parties may have had in the tampering of the odometer of the subject vehicle.  However, regardless of the action these parties may have taken, plaintiff has a valid cause of action against defendant only.

Plaintiff purchased the subject vehicle from the defendant.  At **no** time has plaintiff had any dealings with Kar Corner, Manheim Auto Auction, or Deals on Wheels Used Cars directly.  At no time did these parties make representations to the plaintiff about the accuracy of the odometer reading.  Thus, plaintiff has no privity of contract with these parties and has no basis to bring suit against them.  The only party, who asserted the accuracy of the odometer reading to the plaintiff, was the named defendant.  Thus, it was proper for plaintiff to name the defendant Enterprise Car Sales as the sole defendant.  If defendant believes it has a cause of action to bring against other parties, then defendant is free to do so.  However, clearly these parties are not indispensable to the instant litigation and therefore failure to join these parties is not a valid basis to dismiss plaintiff's complaint.

In addition, failure to join Kar Corner, Manheim Auto Auction, and Deals on Wheels Used Cars does not directly affect the legal rights of these parties nor is it

inconsistent with equity or good conscience; thus, defendant's Motion to Dismiss should be denied.  In particular, the failure to include these allegedly indispensable parties does not directly affect their legal rights.  If plaintiff does not join these parties, the adjudication will not affect their legal rights in any manner.  Defendant is clearly concerned about its own legal liability, which may be shared with the allegedly indispensable parties.  Defendant, however, is free to join these parties in the instant action if defendant desires to assert rights against these parties, but plaintiff's failure to join them does not provide a basis for dismissal under 12(b)(7).  Therefore, plaintiff respectfully requests this Honorable Court to deny defendant's motion to dismiss for failure to join indispensable parties.

### C.  Count I – Plaintiff's Complaint States a Valid Cause of Action for a Violation of the Federal Odometer Requirements Act

Defendant had or should have had knowledge that the odometer of the subject vehicle had been altered, and thus, defendant's Motion to Dismiss must be denied.  The intend of the Odometer Requirements Act (hereafter "Odometer Act") is to prohibit odometer tampering and to protect consumers who purchase vehicles with reset or altered odometers.  See, e.g, Michael v. Ferris Auto Sales, 650 F. Supp. 975, 976 (Del. 1987); H.R.Conf.Rep No. 1476, 92d Cong., 2d Sess.  In order to prove a claim for damages under the Odometer Act, a plaintiff must prove that the odometer was altered with the intent to defraud.  See, 15 U.S.C. § 1989; Marcel v. Zamin, 1990 WL 170130 (E.D.la. 1990); Williams v. Toyota of Jefferson, Inc., 655 F. Supp. 1081, 1085 (E.D.la. 1987).  However, to establish an intent to defraud, actual knowledge that the odometer reading is not correct is **not** necessary.  See, 15 U.S.C. § 1989; Marcel, 1990 WL 170130 at 3.  A

Court may infer that a transferor had the requisite intend to defraud if the transferor "reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded." Nieto v. Pence, 578 F.2d 640, 642 (5th Cir. 1978).

In the instant matter, defendant buys and sells thousands of used vehicles annually. The act of buying and selling thousands of used vehicles yearly places defendant in the position to expertly recognize whether the exterior, interior, and mechanical appearance of a pre-owned automobile appears to be in accordance with the odometer reading of a vehicle. In this case, defendant had the opportunity to inspect the subject vehicle prior to selling it to the plaintiff. Defendant's inspection of the vehicle should have put defendant on constructive notice that the subject vehicle had approximately 20,000 miles more than was indicated on the odometer reading. To a person trained in automotive sales and/or servicing, a difference of 20,000 miles should be readily apparent in the look of a vehicle, and thus, this Court should infer that, at a minimum, defendant had constructive knowledge of the subject vehicle's odometer tampering prior to selling the vehicle to the plaintiff. Thus, defendant does have the requisite intent to defraud under this statute, and defendant's Motion to Dismiss must be denied.

Moreover, defendant's Motion to Dismiss is not ripe in that no discovery has been conducted, and thus, plaintiff has not been provided an opportunity to obtain evidence through the discovery process. It is possible that, after deposing personnel at defendant's facility, evidence may come to light, indicating defendant's ***actual*** knowledge of odometer tampering of the subject vehicle. Thus, plaintiff's cause of action against the

defendant must be allowed to proceed, and plaintiff respectfully requests this Honorable Court to deny defendant's Motion to Dismiss.

Finally, defendant's argument that Enterprise Leasing Company of Maryland, Inc., and not defendant Enterprise Leasing Company of Philadelphia, Inc. may have tampered with the vehicle does not relieve defendant of liability under the Odometer Act. Under the Odometer Act, *each* transferor in a chain of title, who has made a false odometer statement with an intent to defraud, is liable for a violation of the Odometer Act. See, 15 U.S.C.A. § 1981; Ralbovsky v. Lamphere, 731 F.Supp. 79, 82 (N.D. NY 1990); Tusa v. Omaha Auto Auction, Inc., 712 F.2d 1248, 1250 (8th Cir. 1983). Thus, the absence of privity of contract between transferors does not protect a subsequent transferor who fails to disclose possible odometer tampering. Thus, defendant's argument that it is relieved from liability if another entity tampered with the subject vehicle's odometer must fail. It is irrelevant if defendant tampered with the odometer in question so long as defendant had actual or constructive knowledge of the possible tampering. In this matter, at minimum, defendant had constructive knowledge that the subject vehicle had been driven 20,000 miles more than was reflected on its odometer. Therefore, defendant is still liable under the Odometer Act, and defendant's Motion to Dismiss for failure to state a claim for violation of the Federal Odometer Requirements Act must be denied.

### D.  Count II – Plaintiff's Complaint States a Claim for Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law due to defendant's selling of a vehicle under material terms which were knowingly and/or deceptively false and therefore defendant's Motion to Dismiss must be Denied.

With regard to their Pennsylvania Unfair Trade Practices and Consumer Protection Law claim (hereafter "UTPCPL"), the plaintiff has established the existence of the following facts:  plaintiff took possession of the subject vehicle on or about November 13, 1998; the defendant prepared an odometer statement indicating 31,301 miles as "true and correct"; the odometer of the subject vehicle had over 50,425 miles on it at the time of plaintiff's purchase; plaintiff is a "person" under 73 P.S. § 201-2(2), and defendant failed to disclose the inaccuracy of the odometer reading to plaintiff prior to plaintiff's purchase.  All of these facts are sufficient for the plaintiff to sustain his burden of proof under 73 P.S. §201 et seq.

In the instant case, subsequent to plaintiff's purchase of the subject vehicle, plaintiff received a letter from the Nation Highway Traffic Safety Administration.  The letter indicated that as of October 19, 1998, the subject vehicle had 50,425 miles on it.  However, at the time of plaintiff's purchase, defendant indicated that the subject vehicle had only 31,301 miles on it.   By representing that the subject vehicle had only 31,301 miles on it, the defendant represented that the vehicle was of a particular standard, quality or grade when it was actually of another.  See, 73 P.S. §201-2(4)(vii).  If defendant had represented the subject vehicle as having an additional 20,000 mile on the odometer of the subject vehicle, it would have altered the plaintiff's decision to purchase the subject vehicle.  Thus, defendant's representation that this vehicle was of one quality or grade,

when it was really of a much lower quality or grade, is a violation of the Pennsylvania UTPCPL, and defendant's Motion to Dismiss Plaintiff's claim must fail. Therefore, plaintiff respectfully requests this Honorable Court deny defendant's Motion to Dismiss plaintiff's claim for a violation of the Pennsylvania UTPCPL for selling a vehicle under material terms which were knowingly and/or deceptively false.

### E.  Count III – Plaintiff's Complaint States a Claim for Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law due to failure to disclose odometer alteration and therefore defendant's Motion to Dismiss must be Denied.

Plaintiff also has a valid claim for defendant's violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law due to defendant's failure to disclose odometer alteration. As previously stated, intent to defraud may be inferred if a transferor "reasonably should have known that a vehicle's odometer reading was incorrect." Nieto v. Pence, 578 F.2d 640, 642 (5th Cir. 1978). If a factfinder finds that a transferor lacks knowledge that an odometer disclosure is incorrect only because he displays reckless disregard for the truth, then the factfinder may find a violation of the Pennsylvania UTPCPL.

In the instant matter, defendant, which sells buys and sells thousands of used vehicles annually, should have known that the odometer statement for the subject vehicle was inaccurate by at least 20,000 miles. If defendant had disclosed this 20,000 mile odometer difference to the plaintiff, it would have affected plaintiff's decision to purchase the subject vehicle. Thus, a factfinder will likely find that the defendant exhibited reckless disregard for the truth in order to secure sale of the vehicle to the

plaintiff. Thus, plaintiff respectfully requests this Honorable Court to deny defendant's

Motion to Dismiss plaintiff's valid claim for a violation of the UTPCPL due to

defendant's failure to disclose odometer alteration.


**F.   Count IV – Plaintiff's Complaint States a Claim for Common Law
Fraud and therefore defendant's Motion to Dismiss must be Denied.**

Federal Rule of Civil Procedure 9(b) provides that "In all averments of fraud or

mistake, the circumstances of fraud or mistake shall be stated with particularity."

Fed.R.C.P. 9(b). However, the Third Circuit also recognized that "in applying the first

sentence of Rule 9(b) courts must be sensitive to the fact that its application, prior to

discovery, may permit sophisticated defrauders to successfully conceal the details of their

fraud." Christidis v. First Pa. Mortgage Trust, 717 F.2d 96, 99-100 (3rd Cir. 1983). In the

Third Circuit, courts have adopted a flexible standard, concerning this rule. For instance,

in Seville Industrial Machinery v. Southmost Machinery, the Court held that plaintiffs

had adequately pled their allegation of fraud in two averments. 742 F.2d 786, 791 (3rd

Cir. 1984)

In the instant matter, defendant has filed this Motion to Dismiss prematurely, and

therefore, defendant's Motion must be denied. Plaintiff's complaint consists of eighty-

three (83) averments. Of these averments, six (6) averments are specific to plaintiff's

allegation of common law fraud, while fifty-four additional (54) averments are

incorporated by reference. This level of specificity far exceeds that which courts in the

Third Circuit have held to be sufficient. Moreover, plaintiff has plead as specifically as is

possible ***without the aid of discovery***. No discovery has been conducted in this matter to

date.  Therefore, plaintiff respectfully requests defendant's Motion to Dismiss for failure

to state a claim for common law fraud be denied.


### G.  Count V – Plaintiff's Complaint States a Claim for Negligence and therefore defendant's Motion to Dismiss must be Denied.

In Pennsylvania, to establish a negligence, a plaintiff must prove "(1) the

existence of a duty or obligation, recognized by law, requiring the actor to conform to a

certain standard of conduct for the protection of others against unreasonable risk; (2) a

failure on the part of the actor to conform to the required standard; (3) a reasonably close

connection between the conduct and the resulting injury; and (4) actual loss or damage

resulting to the interests of another.  See, Hicks v. Arthur, 843 F.Supp. 949, 958 (E.D.Pa.

1994).

In the instant matter, plaintiff established defendant's statutory duty under the

Odometer Requirements Act to provide accurate odometer readings.  Defendant breached

that duty by either voluntarily tampering with the odometer or by failing to disclose that

the odometer had been altered.  Plaintiff relied upon defendant's misrepresentation of the

odometer reading.  Defendant's failure to disclose this material fact led plaintiff to

purchase the subject vehicle.  This purchase has caused plaintiff actual damages in the

amount of the purchase price of the vehicle and subsequent repairs.  Thus, plaintiff has

adequately established a cause of action for negligence and defendant's Motion to

Dismiss for failure to state a claim for negligence must be denied.

### H.  Count VI – Plaintiff's Complaint States a Claim for a Violation of the Magnuson-Moss Warranty Improvement Act and therefore defendant's Motion to Dismiss must be Denied.

Plaintiff states a valid claim for breach of express and implied warranties in accordance with the Magnuson-Moss Warranty Improvement Act (hereafter "Magnuson-Moss"), and therefore, defendant's Motion to Dismiss should be denied.  With regard to defendant's breach of its express warranty to plaintiff, defendant's Motion is premature insofar as discovery has not even been propounded, leaving plaintiff currently unable to enumerate the exact language of the express warranty.  Defendant, however, does not deny that it provided an express warranty to the plaintiff at the time of plaintiff's purchase of the subject vehicle.  Defendant should be in possession of said warranty. With regard to plaintiff's allegation of a violation of the implied warranty, there is no warranty language to be cited.  Magnuson-Moss, however, does not require specificity in its pleading.  Therefore, defendant's Motion to Dismiss plaintiff's complaint for a failure to state a claim under Magnuson-Moss should be denied as unwarranted and premature.

### I.   Count VII – Plaintiff's Complaint States a Claim Warranting Punitive Damages and therefore defendant's Motion to Dismiss must be Denied.

Courts in the Third Circuit have held "the re-setting of the odometer…is conduct which constitutes a legal fraud.  It is also conduct which warrants an award of punitive damages even if there are no compensable damages."  Wildstein v. Tru Motors, 547 A.2d 340, 341 (N.J. Super. 1988).  These courts have specified that punitive damages are especially warranted in these types of cases because intent is an element the Odometer

Requirements Act, and thus, a violation of this act must be intentional.  In the instant matter, defendant intentionally failed to advise plaintiff of the true odometer statement of the subject vehicle prior to, and even subsequent to, the sale of the vehicle to the plaintiff. Defendant's action shows an intentionally blatant disregard to the rights of consumers.  If defendant's actions are not punished, defendant may continue to engage in this type of behavior.  Thus, to punish defendant for his behavior in this instance and to prevent future, similar act, plaintiff believes punitive damages are warranted and should be awarded in this matter.  Thus, plaintiff respectfully requests this Honorable Court deny defendant's Motion to Dismiss plaintiff's complaint for a failure to state a claim for punitive damages.

## III.  CONCLUSION

For the foregoing reasons, plaintiff, Daniel J. Lawson, respectfully requests this Honorable Court deny defendant's Motion to Dismiss plaintiff's complaint.

Respectfully submitted,
KIMMEL & SILVERMAN, P.C.

_____

Craig Thor Kimmel, Esquire
Identification No. 57100
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL J. LAWSON | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | |
| ENTERPRISE CAR SALES | : | NO. 02-CV-4036 |

**CERTIFICATE OF SERVICE**

I, CRAIG THOR KIMMEL, ESQUIRE, attorney for plaintiff, Daniel J. Lawson, herby certify that on the 2nd day of AUGUST, 2002, I served all parties with true and correct copies of the foregoing Motion in Opposition to Defendant's Motion to Dismiss, by placing the same in the United States Mail, First Class, Postage Paid addressed as follows:

Frank J. Rizzo, Esquire
REGER & RIZZO, LLP
Parkview Tower
Suite 250
1150 First Avenue
King of Prussia, PA 19406

Respectfully submitted,
KIMMEL & SILVERMAN, P.C.

_____
Craig Thor Kimmel, Esquire
Identification No. 57100
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888
Attorney for Plaintiff

August 2, 2002

Frank J. Rizzo, Esquire
REGER & RIZZO, LLP
Parkview Tower
Suite 250
1150 First Avenue
King of Prussia, PA 19406

       **RE:    LAWSON v. ENTERPRISE CAR SALES**
              **No. 02-CV-4036**

Dear Mr. Rizzo:

      Enclosed please find a copy of plaintiffs' Opposition to defendant's Motion to Dismiss, the original of which has been filed with the Court.

      Thank you for your attention in this matter.

                Very truly yours,


                CRAIG THOR KIMMEL, ESQUIRE


CTK\smr
Enclosure

August 2, 2002

Clerk
U.S. District Court
Eastern District of Pennsylvania
Independence Mall West
601 Market Street
Philadelphia, PA 19106

      **RE:   LAWSON v. ENTERPRISE CAR SALES**
              **No. 02-CV-4036**

Dear Sir or Madam:

      Enclosed please find an original and (1) copy of plaintiffs' Opposition to defendant's Motion to Dismiss in the above-referenced matter.

      Kindly file the original of record and return a time-stamped copy in the enclosed self-addressed stamped envelope.

      Thank you for your attention in this matter.  Please do not hesitate to contact the undersigned if you have any questions or concerns.

              Very truly yours,

              CRAIG THOR KIMMEL, ESQUIRE

CTK\smr
Enclosure